UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14065-GAO

TERRY GRAY,
Petitioner,

v.

BRUCE GELB and MARTHA COAKLEY,
Respondents.

OPINION AND ORDER
November 6, 2015

O'TOOLE, D.J.

In 2008, Terry Gray, was convicted by a Massachusetts jury of first degree murder, unlawful possession of a firearm, unlawful possession of ammunition, and assault and battery by means of a dangerous weapon. The Supreme Judicial Court ("SJC") affirmed his convictions on June 5, 2013, and denied his motion for a rehearing. See Commonwealth v. Gray, 990 N.E.2d 528 (Mass. 2013). The Supreme Court denied his petition for a writ of certiorari on November 12, 2013. Gray v. Massachusetts, 134 S. Ct. 628 (2013). The petitioner timely filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 on November 3, 2014. He argues that he was denied his constitutional right to a fair trial by an impartial jury and that he was denied his constitutional right not to be convicted except upon proof beyond a reasonable doubt. Because petitioner has not shown that the state court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," his claim for habeas relief must fail. See 28 U.S.C. § 2254(d)(1).

In the jury selection process, the trial judge asked every potential juror a variant of the following question:

>It's expected that the Commonwealth will not introduce DNA or fingerprint evidence to link the defendant to the crime scene. The Commonwealth will allege that it possesses other evidence to demonstrate that the defendant committed the crimes. Would the absence of DNA or fingerprint evidence prevent you from fairly evaluating the evidence in this case?

Gray, 990 N.E.2d at 536. The phrasing of this question occasionally confused jurors, and in clarifying, the judge once asked a juror if he would be able to "focus solely" on the State's evidence, and another whether she would be able to "[p]ut aside the DNA and the fingerprint evidence." See id. at 537–38. As the SJC observed, the trial judge's goal was probably weeding out the so-called "CSI effect,"[1] the theory that because of the proliferation of crime investigation television dramas, jurors hold prosecutors to an unrealistic standard of proof and require that every crime be proven irrefutably by high-tech gadgetry and scientific analysis. Indeed, the trial judge dismissed one juror who stated that she would be unable to find a defendant guilty without DNA or fingerprint evidence of his guilt. See id. at 537 n.8. Defense counsel objected to both the voir dire questions and the excusal of that juror.

The petitioner's argument here is that the judge's CSI-effect voir dire questioning implied to jurors that it was not significant that the prosecution lacked scientific support for its case, in effect encouraging them to ignore what could be a weakness of proof sufficient to raise a reasonable doubt about the defendant's guilt. As a result, he argues, the level of proof required for a conviction was lessened for jurors, in violation of his due process right not to be convicted except on proof beyond a reasonable doubt.

---

[1] "CSI" is of course a reference to the well-known television drama CSI: Crime Scene Investigation.

Under the standard of review established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition will not be granted "with respect to any claim that was adjudicated on the merits in state court proceedings" unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[C]learly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of [that] Court's decisions as of the time of the relevant state-court decision.'" Yarborough v. Alvarado, 541 U.S. 652, 660–61 (2004) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). Reviewing federal courts look to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003).

As noted above, the petitioner's argument is that the judge's CSI-effect questions during voir dire undercut his formal instructions and effectively lowered the burden of proof. In making the argument, he characterizes the voir dire questions as "instructions."

It is a novel argument, and its novelty is of course an impediment to the necessary showing that a "clearly established" federal principle had been transgressed. Nonetheless, let it be assumed for the sake of argument that the CSI question was a kind of legal "instruction" and that it introduced some ambiguity about what the prosecution was required to prove. In such circumstances, the Supreme Court has held that whether ambiguous instructions have resulted in a denial of due process must be assessed not by examining only the allegedly deficient instruction in isolation but rather "in the context of the instructions as a whole and the trial record." Estelle v. McGuire, 502 U.S. 62, 72 (1991). The essential question is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Id. (quoting Boyde v. California, 494 U.S. 370, 380 (1990)); see also Cupp v.

Naughten, 414 U.S. 141, 146–50 (1973) (finding that a "presumption of truthfulness" instruction about witness testimony did not unconstitutionally shift the burden of proof).

Review of the trial record, including especially the judge's final instructions, leaves no doubt that there is no reasonable likelihood that the jurors misunderstood and therefore misapplied the burden of proof. The petitioner argues here that the voir dire questions "precluded the jury from considering any doubt that may have been raised by the absence of" DNA or fingerprint evidence. (Mem. in Supp. of Pet. for Writ of Habeas Corpus 26 (dkt. no 15).) It is debatable whether the voir dire questions suggested anything about how the jurors should think about the evidence in their deliberations, but even if they carried the suggestion the petitioner proposes, his counsel squarely and forcefully argued that the jury should find reasonable doubt in the absence of scientific evidence. (Suppl. Answer, vol. IV, 44–45.) The prosecutor afterward responded by trying to minimize the significance of scientific evidence. (Id. at 57.) As a result, the jurors had framed for them the very question the petitioner now argues was implied away by the voir dire questions: Does the absence of corroborating scientific evidence raise a reasonable doubt about the defendant's guilt?

Following the closing arguments, in his final instructions to the jury the trial judge explained the Commonwealth's burden of proof. (See Suppl. Answer, vol. IV, 99–104.) That portion of his instructions is set forth in the appendix to this opinion and order. The petitioner does not point to any defect in those instructions themselves. They repeatedly emphasized the prosecution's burden to prove its case beyond a reasonable doubt.[2] At one point, for example, the judge said:

---

[2] The trial judge also asked voir dire questions and gave preliminary instructions that included the presumption of innocence and the Commonwealth's burden of proof of guilt beyond a reasonable doubt. (See Suppl. Answer, vol. II, 1-24, 2-155.)

> The only way Mr. Grey [sic] can be found guilty of this charge is if you come unanimously to believe that the Commonwealth has proved each and every element of the charge beyond a reasonable doubt.

(Suppl. Answer, vol. IV, 101); cf. Sullivan v. Louisiana, 508 U.S. 275, 277–82 (1993) (finding improper instruction on definition of reasonable doubt to be structural error). Hearing these repeated instructions, there was no reasonable likelihood that the jurors placed the burden of proof on the defendant based on the judge's voir dire process at the outset of trial. See Naughten, 414 U.S. at 149–50.

The SJC's conclusion that the voir dire CSI-effect questions "did not amount to a command to ignore the lack of scientific evidence," Gray, 990 N.E.2d at 538, is an eminently reasonable one that was not "contrary to, or . . . an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1).

The defendant's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (dkt. no. 1) is DENIED.

Finally, because the defendant has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

APPENDIX

     Now, let me go over some of the constitutional principles that govern this case. First is the presumption of innocence. We start with the basic principle, Mr. Grey started this trial presumed to be innocent. He started with a clean slate.

     You are to draw absolutely no inference from the fact that the defendant was arrested or the defendant was indicted. An indictment is not evidence. It is merely a piece of paper, a procedural mechanism to bring criminal charges, which are accusations, before jurors like yourselves, and to notify the defendant of the charges made against him.

     It is not to be considered by you as a circumstance intended to incriminate the defendant or create an unfavorable impression against him. The presumption of innocence teaches us that the Commonwealth has to prove each essential element of the offense to which Mr. Grey has been charged.

     The presumption of innocence is not an idle theory to be discarded or disposed of by the jury by caprice, passion, or prejudice. The presumption of innocence alone compels you to find the defendant not guilty unless you are satisfied beyond a reasonable doubt of his guilt after careful and impartial consideration of all the evidence in the case.

     The burden of proof, who has to prove this case, rests entirely upon the Commonwealth. That burden never shifts. The defendant never has any burden to prove his innocence or to produce evidence.

     So, if you, after careful and impartial consideration of all the evidence in the case, have a reasonable doubt of the defendant's guilt, your verdict must be not guilty.

     If you view the evidence in the case as reasonably permitting either of two conclusion, one of innocence and the other of guilt, you must, of course, adopt the conclusion of innocence.

     The only way Mr. Grey can be found guilty of this charge is if you come unanimously to believe that the Commonwealth has proved each and every element of the charge beyond a reasonable doubt.

     Speculation, suspicion or conjecture on your part that the defendant may have been guilty of a crime cannot be the basis of a guilty verdict.

     You may nave [sic] noticed that the defendant did not testify at this trial. The defendant has an absolute right not to testify, since the entire burden of proof of this case is on the Commonwealth to prove that he is guilty. It is not up to the defendant to prove that he is innocent.

     Under our system of law, a defendant has a perfect right to say to the Commonwealth: You have the burden of proving your case against me beyond a reasonable doubt; I do not have to say a word.

     The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty. You are not to draw any adverse inference against the defendant because he did not testify. You are not to consider it in any way, nor may you discuss it during your deliberations.

     So that sets the stage for a description to you of what I mean when I use and say the phrase, proof beyond a reasonable doubt.

     The burden is on the Commonwealth of prove beyond a reasonable doubt that the defendant is guilty of the charges made against him. What is proof beyond a reasonable doubt?

   The term is often used and probably pretty well understood, though not easily defined. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything in the lives of human beings is open to some possible or imaginary doubt.

   A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the evidence, you have in your minds an abiding conviction to a moral certainty that the charge is true.

   I have told you that every person is presumed to be innocent until he is proved guilty and that the burden of proof is on the prosecutor. If you evaluate all of the evidence and you still have a reasonable doubt remaining, the defendant is entitled to the benefit of that doubt and must be acquitted.

   It is not enough for the Commonwealth to establish a probability, even a strong probability, that the defendant is more likely to be guilty than not guilty. That is not enough.

   Instead, the evidence must convince you of the defendant's guilt to a reasonable and moral certainty, a certainty that convinces your understanding and satisfies your reason and judgment as jurors who are sworn to act conscientiously on the evidence. This is what we mean when we say proof beyond a reasonable doubt.

   The Commonwealth, as I just explained to you, bears the burden of proof beyond a reasonable doubt that the defendant committed each crime. You are required to consider each of the indictments separately and distinctly.